## Case No. 2,697.

### CHRIST et al. v. BAKER.

[17 Leg. Int. 332.] [1]

Circuit Court, E. D. Pennsylvania. Oct. 12, 1860.

#### CUSTOMS DUTIES—"BLANKETS."

[The commercial meaning of "blanket," in the tariff act of 1857, is to be traced only to the time of the passage of that act.]

At law. This was an action brought by Christ, Jay & Hess against Joseph B. Baker, collector of customs, to recover the difference between the duties of fifteen and twenty-four per cent., which latter rate had been exacted by the collector upon certain invoices of blankets imported from England by the plaintiffs, and which they, the plaintiffs, alleged were entitled to be entered at the former rate. The tariff act of 1846 [9 Stat., 42] arranged articles in schedules. In Schedule C, "manufactures of wool not otherwise provided for," were charged with a duty of thirty per cent.; and in Schedule E, "blankets of all kinds" were charged with a duty of twenty per cent. The tariff act of 1857 [11 Stat. 192] referred to and adopted the schedules of the act of 1846, but reduced the rates of duty—Schedule C paying twenty-four per cent. instead of thirty, and Schedule E paying fifteen per cent. instead of twenty. The plaintiffs contended that they were entitled to enter these goods at the rate of fifteen per cent., and submitted that the question to be decided was, whether the articles in question were blankets, as commercially known at the date of the act of 1857. The evidence on the part of the plaintiffs showed that these goods were known in the market as blankets as early as 1850. On the part of the defence it was contended that the goods in court, called by the plaintiffs blank-

---

[1] [Reprinted by permission.]

ets, were not known as such until after the passage of the act of 1846, and that the meaning of the word "blankets" as used in the act of 1857 was to be determined by its fair and honest meaning, as used in the act of 1846, because the act of 1857, adopted the schedules of the act of 1846, and merely reduced the rates of duty; that the act of 1857 was not to be taken as an entirely new and independent enactment, but as supplemental to that of 1846.

GRIER, Circuit Justice, decided that the commercial meaning of the word "blanket" was to be traced back only to the time of the passage of the act of 1857. The schedules of the act of 1846 were referred to in the act of 1857 merely to save the trouble of transcribing the list of articles therein mentioned. A verdict was therefore rendered for the plaintiffs for $719.08

[NOTE. For another action by the same plaintiffs, and involving the same question, see Case No. 2,699.]